Nicolás Morell Hernández, recurrente, *v.* El Registrador de la Propiedad de Aguadilla, recurrido.

Núm. 1042.—*Sometido:* Marzo 21, 1939. *Resuelto:* Marzo 24, 1939.

*José D. Rodríguez,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Nicolás Morell Hérnández por medio de su abogado presentó en el Registro de la Propiedad de Aguadilla la escritura de protocolización del testamento de doña Isabel Hernández Bello viuda de Morell, acompañada de otra otorgada por doña María Colom Casasnovas como madre viuda y representante legal de sus cuatro menores hijos y de un recibo de la contribución sobre la herencia de doña Isabel, todo al efecto de que se inscribiera a su nombre cierto crédito hipotecario por seis mil dólares que dicha señora tenía constituído sobre una finca situada en los barrios de Buenos Aires y Latorre de Lares.

El registrador negó la inscripción solicitada "por entender·que a la luz de dicho testamento, debe practicarse y acompañarse al registro, el inventario, avalúo, liquidación y adjudicación de los bienes relictos al fallecimiento de doña Isabel Hernández Bello". Y el interesado apeló.

La señora Hernández testó y murió en la ciudad de Palma, capital de las Islas Baleares, España. ·Era natural de esta Isla de Puerto Rico, de estado viuda y dispuso de sus bienes como sigue:

"Lego a cada uno de mis nietos Juan Morell Colom y Nicolás Morell y Rodríguez la suma de diez mil pesetas en metálico y por una sola vez.—Lego a mi nieto Damián Morell Rodríguez la casa cochera con su patio de la calle de la Unión.—Lego a mi nieto Damian Morell Colom la cantidad en metálico y por una sola vez, de quince mil pesetas.—Lego a mi nieta Isabel Morell Colom, todas las alhajas, ropa y piano que fueron de mi difunta hija María.—Lego a mi hijo Nicolás Morell Hernández, las dos terceras partes de la casa vivienda que poseo en la calle de Pastos Núm. 6 de esta ciudad, con todos los muebles y ropas, y los bienes que poseo en Puerto Rico. Lego a mis nietos Damián, Isabel, Tomás y Juan Morell Colom las diez acciones del Banco de España, en partes iguales.—Lego a mi sirviente Magdalena Jaume, mientras me sirva hasta mi muerte y a Francisca Ros la cantidad de mil pesetas a cada una por una sola vez.—Quiero que los gastos de entierro y funeral los paguen mis herederos en partes iguales.—El remanente de todos mis bienes, derechos y acciones, presentes y futuros quiero se hagan dos partes iguales, una para mi hijo Nicolás y otra para los hijos de mi difunto hijo Tomás.—Condono a mis hijos y nietos todas las cantidades que estos me adeudaren en el día de mi muerte."

Por la otra escritura acompañada doña María Colom Casasnovas a nombre de sus hijos menores Damián, Isabel, Tomás y Juan Morell Colom, declaró:

"Que en la partición, verificada ya, de la herencia de Doña Isabel Hernández Bello, han correspondido en pleno dominio a D. Nicolás Morell Hernández, libres de toda otra participación hereditaria, todos los bienes que la causante poseía en Puerto Rico y, muy especialmente, el crédito hipotecario contra don Jaime Ballester Castañer, vecino de Lares, constituído el viente de febrero de mil novecientos treinta y tres, ante el Notario de la misma ciudad de Lares D. José Rodrí-

guez; lo que expresamente reconoce la compareciente para que dicho D. Nicolás, pueda, por sí solo, practicar las diligencias y otorgar las escrituras necesarias para conseguir titulación a su favor de dicho crédito y la consiguiente inscripción en el Registro de la Propiedad.''

Y el recibo demuestra que Juan B. Seín, administrador de la herencia de la Señora Hernández, declaró como bienes de la misma el indicado crédito hipotecario valorado en $3,600 y como heredero al recurrente Nicolás Morell Hernández, y pagó $88 como contribución de herencia.

Sostiene el recurrente que con esa documentación pudo y debió el registrador inscribir el crédito a su nombre, alegando que el documento que dicho funcionario exige ''corresponde a los bienes radicados en Europa, y en el interés de los partícipes debe retenerse allí.''

Por su parte el registrador, en su alegato, expone su criterio como sigue:

''De acuerdo con los documentos presentados existen dos partes con derechos iguales a los bienes relictos por doña Isabel Hernández Bello, una vez deducidas las bajas contra el caudal, y que son: Don Nicolás Morell Hernández y la estirpe formada por los menores Damián, Isabel, Tomás y Juan Morell Colom, en representación de su padre.

''La testadora lega a su hijo Nicolás ''TODOS LOS BIENES EN PUERTO RICO''.

''¿Cuáles son estos bienes? ¿Dónde radican? ¿A cuánto asciende su cuantía? ¿Excede el valor de éstos el tercio de libre disposición? ¿Invade su valor la legítima de los menores?

''La respuesta a las preguntas que anteceden puede únicamente obtenerse a virtud del inventario, avalúo, liquidación y adjudicación de los bienes relictos a la muerte de doña Isabel Hernández Bello.

''No estamos conformes con el último párrafo de la página cuarta del escrito del recurrente cuando afirma que resulta ser simplemente un crédito hipotecario de $6,000 los únicos bienes de la testadora en Puerto Rico, mostrando como única prueba el recibo de contribución de herencia expedido por el Departamento de Hacienda, toda vez que de acuerdo con el Código Político en esa relación de bienes se incluyen únicamente los bienes reportados por los herederos o su albacea o administrador de los mismos.

"Si el valor de los bienes radicados en Puerto Rico excediere a la legítima de los menores, ¿qué protección tendría el derecho de éstos si se accediere a la pretensión del recurrente inscribiendo los bienes en esta isla exclusivamente a nombre de don Nicolás Morell Hernández?"

El razonamiento del registrador es persuasivo y su criterio encuentra apoyo en la ley civil e hipotecaria. No se trata de inscribir una herencia a favor de los herederos en cuyo caso bastaría el testamento. Tampoco se trata de un solo heredero. Lo que se pretende es inscribir un bien determinado de la herencia exclusivamente a favor de uno de los herederos y para ello la partición es necesaria. No hay duda alguna que la escritura otorgada por la Sra. Colom a nombre de sus menores hijos los otros herederos, está en la línea, pero no es por sí sola suficiente. Tampoco es por sí solo suficiente el testamento no obstante "legar" la testadora "al heredero" los "bienes que poseo en Puerto Rico" y encontrarse situado el bien que se trata de inscribir en esta Isla. Es el inventario, avalúo, partición y adjudicación el documento que permitiría conocer con exactitud la extensión de la herencia y determinar si su distribución se ajusta o no a ley. Probablemente todo está en regla, pero el registrador a los efectos de cumplir con su deber a conciencia, está justificado en exigir que se le presente ese documento que no "corresponde a los bienes radicados en Europa" solamente, como se alega, si que a todos los de la herencia incluso los radicados en Puerto Rico.

*Debe confirmarse la nota recurrida.*