MANUEL L. MIRÓ, Petitioner and Appellant, *v.* THE INDUSTRIAL COMMISSION OF PUERTO RICO, ETC. ET AL., Respondent and Appellees.

No. 181. Argued December 18, 1939.—Decided February 14, 1940.

122

G. Benítez Gautier and Jorge Benítez Gautier for appellant. M. León Parra for Industrial Commission. E. Campos del Toro, Acting Attorney General, E. de Aldrey, Assistant Attorney General, and Víctor J. Vidal González for the State Insurance Fund.

MR. JUSTICE WOLF delivered the opinion of the court.

Manuel L. Miró filed a petition before the Industrial Commission for a review of his premium rates. The Manager of the State Insurance Fund moved for a dismissal. By order of the commission of December 16, 1938, the motion was denied. The manager appealed, and on March 29, 1939, this court affirmed the order and remanded the case for further proceedings. The facts appear from the opinion rendered on that appeal. *Montaner v. Industrial Commission,* 54 D.P.R. 533.

A hearing was subsequently held and the final order of the commission definitely deciding the case was rendered August 31, 1939. It reads:

"Comparing the contents of the proviso of section 27 with what is ordained by sections 25 and 26, it may be affirmed without fear of error, that when the legislator enacted this law it had in mind

two classes of employers to be insured; those who have settled a regular work, that is, for successive years; and the imposition of their policy is governed by the provisions of sections 25, 26 and 27 up to the first 'Proviso' of the latter. As to other employers who are going to do work for a limited term, like building contractors, laying of pipes in a city for water service, or sewerage, etc., the policy is for them governed by the aforesaid 'Proviso' of section 27. . . .

"What happens to an employer for a limited occasional term, who takes out this insurance during the last months of the Fiscal year, under a fixed premium rate, paid according to law, when for the new year the premium rate is raised because the Manager of the State Insurance Fund has so decreed? Shall this employer, if the work for which he took insurance is not finished, submit the premium for a readjustment, and pay the difference entailed by a raise of his premium rate for the new fiscal year? We believe he need not, because the Act in the part dealing with temporary or accidental insurance provides nothing in this respect.

". .    .    .    .    .    .    .    .    .    .

"In no part of this section 27 just copied, which the Act of Workmen's Compensation devotes to the insurance of employers for limited or occasional term, may it be discerned that the State Insurance Fund can collect from that employer any other premium rate during the performance of the job insured other than that originally fixed and collected; and further, that there is another factor for the final liquidation, other than the premium rate collected at the beginning of the work, and the total amount of wages really paid once the work is finished.

". . . The State Insurance Fund, to liquidate this class of Insurance, shall have only two factors: one, invariable, the premium rate originally settled and collected from the insured employer; the other, the amount of wages really paid for the execution of the work for which he took insurance. Nothing in it (the Act) gives authority to impose upon this kind of employer the burden which the State Insurance Fund wants, of paying the difference between the amount of his already paid premium, corresponding to the insured risk at the time of insurance, and the new premium rate that later the aforesaid insurer assigned to the same risk, in case it was raised.

"Now then: what employers may be considered as accidental, temporary or occasional, for the purpose of our decision? From the very wording of the law it appears that they are the ones whose

124

work, by its own nature is not permanent, that is, year after year and whose duration does not exceed one semester. The Act, in the 'Proviso' that we have been studying, says as follows: 'Every employer employing workmen covered by this Act for any term or *part of a semester. . .'* Therefore, when an employer comes to the State Insurance Fund to take out insurance for a determined work, which from its nature does not necessarily point to a period of a year to obtain final results and declares that it will last less than six months this employer has a right to be considered by the insurer as a temporary, eventual or occasional employer, and therefore, included within the aforesaid 'Proviso' of section 27 of the Act.

"But if the work last more than six months then this employer must be considered as a permanent employer, and all the rules or regulations in existence for employers of that class will apply to him, in so far as the imposition of the premium rate is concerned.

"As a consequence of the previous statements, inasmuch as from the evidence presented before this Industrial Commission it appears that the work performed by the employer, Manuel L. Miró, insured under classification 6319, lasted from May 1937 until April 1938, or more than six months, we decide that he is not a temporary or occasional employer, and as to the premium rate to pay he must be considered as a permanent employer."

This order of the commission was signed by the President, M. León Parra, and Commissioner Juan M. Herrero. Commissioner F. Paz Granela dissented. He is of the opinion that the manager cannot issue a policy to extend beyond the current fiscal year; that before he issues new policies he must revise the premium rates, and raise or lower them as the case may be; and that then no policy is in force.

The State Insurance Fund moved for reconsideration. It was denied, but since no appeal has been taken by the Fund the matter need not be discussed.

The petitioner also moved for a reconsideration. It too was denied. The petitioner's contention was that when the act says "for any term or part of a semester" the words "for any term" are disjunctive and do not mean "term of a semester". The commission thought that when the act says "any term or part of a semester" it means conjunctively

—any "term or part"—of a semester and not the disjunctive interpretation for which petitioner contends.

The petitioner has asked for a writ of review and assigns only one error:

"The respondent, the Industrial Commission of Puerto Rico, committed a grave error of law in deciding that because the appellant's work lasted more than six months, he is not, by that reason, a temporary or occasional employer, and should therefore be considered as a permanent employer for the purposes of the premium rate to be paid for the insured job."

From the Workmen's Compensation Act (Act No. 45 of 1935, p. 250) it will be seen that there are two kinds of employers: permanent and temporary. The permanent employers, who do the same kind of work year after year, send to the State Insurance Fund, on or before July 15 of each year, a copy of the total payroll of their business for the previous fiscal year. The manager of the Fund classifies the employees according to the work they do. Then, taking that previous payroll as a basis, he imposes the rates which he has fixed upon the various classifications, assuming for the moment that the payroll for the next year will be exactly like the previous one. At the end of the fiscal year, the manager once more has the payroll before him. He compares the one of the previous year with the present one. Any difference in favor of the Fund is collected from the employer; if it is in his favor it is credited to his account against future premiums. And this payroll, besides being a basis for the liquidation of the insurance which has been in effect for the year just expired, will once again serve as basis for the collection of premiums for the coming year.

The temporary or occasional employer is in a different position. When he is about to start work he goes to the manager and submits an estimate of his payroll for the duration of the work. Rates are imposed upon him. When the work is finished he submits the payroll he has really paid and a liquidation is made.

According to the wording of the act, it would seem that when a temporary employer takes a policy, it extends to the end of the period needed to finish the work. In practice, though, the State Fund never issues a policy to extend beyond the current economic year. If the work begins in one economic year and runs into the next one, the Fund will issue a policy to expire June 30 which will be renewed for whatever time of the next year is necessary.

The issue in this case is whether when such a policy is renewed, the manager of the Fund can raise the premium rates. The commission decided that he could, in the case of permanent employers; that he could not, in the case of temporary employers. It went on to decide that the petitioner was not a temporary employer, because his work lasted more than a semester.

The decision of the commission was that the phrase "any term or part of a semester" should be construed as follows: "term or part" is to be understood as a repetition; that is, "term" is equivalent to "part". To the commission "semester" means period of six months. We do not agree.

The first paragraph of section 27 reads:

"It shall be the duty of every employer to file with the Manager, not later than July 15 of each year, a duplicate statement under oath, showing the number of workmen employed by said employer, the kind of occupation or industry of said workmen, and the total amount of wages paid to said workmen or industry during the preceding fiscal year. The premiums prescribed in Sections 25 and 26 of this Act shall be computed on the total amount of wages declared in said statement; *Provided,* That every employer employing workmen covered by this Act for any term or part of a semester shall file the aforesaid duplicate statement under oath, showing the number of workmen or employees employed, the kind of occupation, and the estimated wages to be paid to said workmen or employees, and on such sum the premium to be paid by the employer shall be computed; and upon the termination of the work of said workmen or employees the employer shall file a sworn statement like the one above mentioned, showing the total amount of wages paid, on which sum the corresponding liquidation shall be made; and if his pay-

roll is greater than the previous one, the Manager shall assess and levy, and the Treasurer shall collect, as provided in this Act, additional premiums on the difference, in the same form as that hereinbefore prescribed.''

By the words ''Provided, That every employer employing workmen covered by this act for any term or part of a semester shall file the aforesaid duplicate statement under oath . . .'', as petitioner contends, the Legislature was saying that in any ''term'' whatever its duration, the duplicate statement should be filed. The word ''term'' stands out for itself and does not mean a part of a semester.

Hence the words ''term or part of a semester'' as used in the act, mean that whether the work lasts a period of one year, or of six months, or less, and certainly if it extended beyond a year, the temporary employer is bound to insure. They can not be understood as one more qualification which must be met by a temporary employer. If they did, it would create confusion in the law, and the act would have two contradictory provisions. The temporary employer, as we have said before, is the one whose work is not regular year after year, and whose payrolls are filed on July 15th of every year, but who files an estimated payroll when he begins a job, which is liquidated when he finishes it. His policy does not run with the fiscal year, but for the duration of the work. It follows that Miró is a temporary employer.

The ruling of the commission that the rates imposed upon the temporary employer cannot be raised is correct. The temporary employer presents his estimate and a rate is applied by the State Fund Manager. The premiums are finally liquidated taking that same original rate as a basis when the work is finished and the actual payroll is ascertained. The fact that between these two dates the manager of the Fund decides to raise or lower the rates must not affect the policy which remains in force.

It might happen that a special job is finished within a fiscal year, and the manager could not raise the rates. The

128

position of an employer whose work runs through a period which includes the month of July cannot be different.

It is the custom, as we have described, to issue policies only up to June 30, and then renew them, even in the case of temporary employers; that practice is more convenient for the management of the Fund. But the law says that the policy runs from the beginning of the work until it is completed. It is only one policy, and the manager of the Fund, by splitting it to suit his convenience, can not make it two policies, and vary its original terms. As the order of the commission we have previously transcribed says: "In no part of this section 27 just copied which the Workmen's Compensation Act devotes to the insurance of employers for limited or occasional term, may it be discerned that the State Insurance Fund can collect from that employer any other premium rate during the performance of the job insured other than that originally fixed and collected; and further, that there is another factor for the final liquidation, other than the premium rate collected at the beginning of the work, and the total amount of wages really paid once the work is finished."

The orders of the commission must be reversed in part, and a judgment entered to the effect that the petitioner is to be considered as a temporary employer, and otherwise affirmed.